FILED
SUPERIOR COURT
OF GUAM

2024 SEP 12 PH 3: 56

CLERK OF COURT

BY:____/bm_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **ROYAL GARDENS HOMEOWNERS ASSOCIATION,** | **CIVIL CASE NO. CV0473-21** |
| **Plaintiff,** | |
| **vs.** | **DECISION AND ORDER GRANTING SUMMARY JUDGMENT** |
| **CLAYTON C. SMITH,** | |
| **Defendant.** | |

This matter is before the Honorable Dana A. Gutierrez upon a Motion for Summary Judgment ("MSJ") filed by Plaintiff Royal Gardens Homeowners Association ("Homeowners"). Attorney Duncan G. McCully represents Homeowners. Defendant Clayton C. Smith ("Smith") has appeared in this matter *pro se.* Upon review of applicable Guam law, the Court hereby **GRANTS** Homeowners' MSJ.

## BACKGROUND

On June 4, 2021, Homeowners filed a Complaint against Smith, alleging that Smith owned Unit No. 8-4 in Royal Gardens Condominiums (the "Condo").[1] Homeowners claimed that it had levied certain charges and assessments for the period up to and including March 15, 2021 in the amount of $7,116.49 plus such other amounts which may accrue after. Complaint at 2. Homeowners stated that a Notice of Lien ("Lien") was recorded against the Condo for unpaid assessments. *Id.* Homeowners further alleged that, despite demanding the payments, Smith failed

---

[1] In a later filing, Homeowners described the Condo more fully as "Lot No. 8-4, Block 6, Tract No. 1314, Municipality of Tamuning." Courtney's Decl. at 1 (Jan. 23, 2024).

to satisfy the Lien and that other charges had since accrued. *Id.* In its Complaint, aside from requesting an order to have a lien in the amount of judgment on the Condo and that the lien be foreclosed and sold to satisfy the judgment, Homeowners asked to be "granted judgment on its claim against [Smith] for the fees, late charges, attorney fees and costs owed to [Homeowners] . . . ." *Id.*

On January 24, 2022, the Clerk of Court entered default against Smith due to his failure to answer or otherwise appear in the matter in a timely manner, and Homeowners subsequently filed a Motion for Default Judgment on February 24, 2022. However, Smith appeared at the Default Hearing on May 10, 2022 and requested additional time to obtain an attorney, to which Homeowners did not object, and which the Court granted. After several continued Default Hearings,[2] the Court permitted Smith one final deadline to answer Homeowners' Complaint, but Smith failed to do so. *See* Amended Order After Hearing (Sept. 2, 2022).

However, on November 7, 2022, Homeowners withdrew its Motion for Entry of Default Judgment due to "the initiation by Pentagon Federal Credit Union to foreclose by exercise of its private power of sale of its first mortgage on [the Condo] . . . [which] will cause the [Homeowners' Lien] to be cut off and void and the collectability of its claim for unpaid common area fees, assessments, costs and attorney fees to be uncertain." Withdrawal of Motion for Entry of Default Judgment at 1.

On January 23, 2024,[3] Homeowners filed its MSJ, Memorandum of Law ("MSJ Memo"),

---

[2] Smith attended Default Hearings on May 10, 2022, June 14, 2022, September 1, 2022, and October 5, 2022. Smith failed to appear at a Default Hearing on August 23, 2022.

[3] In its November 7, 2022 Withdrawal of Motion for Entry of Default Judgment, Homeowners requested a status hearing to be held in six months. At the May 16, 2023 Status Hearing, for which Smith did not appear, Homeowners informed the Court that the status of its claim was still pending, and that it intended to file a motion for summary judgment when viable. Min. Entry, 9:24 AM (May 16, 2024).

and Declaration of Rodney Courtney in Support of MSJ ("Courtney's Declaration"). Despite being served with the MSJ and accompanying documents, Smith did not file an opposition. *See* Decl. of Mailing (Jan. 25, 2024).

Attorney McCully and Smith appeared at a Status Hearing on March 19, 2024.[4] At the hearing, Homeowners stated that Smith no longer owned the Condo as the first mortgage in favor of Pentagon Federal Credit Union was foreclosed, effectively cutting off Homeowner's lien. Min. Entry, 9:13 AM (Mar. 19, 2024). Accordingly, Homeowners stated that they are now solely seeking a judgment against Smith "for the common area fees." *Id.*

Furthermore, the Court noted that Homeowners had not filed the documents which are required to accompany a motion for summary judgment in accordance with Local Rules of the Superior Court of Guam Rule CVR 56.1, including a statement of the issues to be decided and a statement of undisputed material facts. As such, the Court allowed Homeowners to file the requisite documents and allowed Smith an opportunity to respond to those filings. Order After Hearing (Mar. 19, 2024).

On March 22, 2024, Homeowners filed its Statement of Issues & Undisputed Material Facts Re CVR 56.1. Again, despite being served with Homeowners' filings, Smith did not file an opposition or any other filing in response to Homeowners' MSJ. Decl. of Mailing (March 22,

---

[4] The Court set a Status Hearing on March 19, 2024 due to confusion regarding how Homeowners' intended to proceed in the matter. Despite having filed its MSJ on January 23, 2024, Homeowners also filed a second Motion for Entry of Default Judgment on January 30, 2024. However, the Clerk of Court's office issued a Speed Memo on March 6, 2024, stating that it was returning Homeowners' Motion for Entry of Default Judgment "[p]er Law Firm's Request via email 3/4/24." Speed Memo at 1. At the Status Hearing, Homeowners explained that it intend to proceed on their MSJ, and that it was not seeking default judgment at this time. Min. Entry, 9:12 AM (March 19, 2024).

2024); *see also* Decl. of Electronic Mailing (March 22, 2024).[5]

## DISCUSSION

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. ("GRCP") Rule 56(a). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a fact-finder." *Camacho v. Perez*, 2017 Guam 16 ¶ 12 (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . . Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26 (citing *Gayle v. Hemlani*, 2000 Guam 25 ¶ 20) (quotations omitted).

When reviewing a motion for summary judgment, "[the] court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Id.* "A movant bears the initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27. If the movant satisfies its burden, the burden shifts to the non-movant party to produce at least some significant probative evidence to support the pleadings. *Bank of Guam v. Flores*, 2005 Guam 25 ¶ 7. If, however, there are no genuine issues of material fact, the non-movant may not simply rely on allegations in the complaint but must provide some significant probative evidence supporting the complaint. *Gutierrez*, 2015 Guam 8 ¶ 26.

---

[5] At the March 19, 2024 Status Hearing, Smith confirmed that he received all of Attorney McCully's emails and that he did not wish to provide Attorney McCully with another form of contact for service. Min. Entry, 9:26 A.M. (March 19, 2024).

1. **There Are No Disputed Facts**

Despite ample opportunity to do so, Smith has failed to answer Homeowners' Complaint and to respond to Homeowners' MSJ. Smith has declined all opportunities to dispute any of the material facts presented by Homeowners. Further, neither Homeowners' Complaint nor MSJ indicates, on its face, that any material disputed fact exists. *See White v. Aramark,* 670 Fed.Appx. 578 (9th Cir. 2016) (stating that summary judgment was proper because the "unopposed motion for summary judgment demonstrated the absence of a genuine dispute of material fact . . ." and stating that the court "may grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine dispute of material fact."). Therefore, the Court finds that there is no genuine dispute of material fact.

2. **Homeowners Have Demonstrated They Are Entitled to Judgment**

Homeowners state that Smith has owned the Condo since July 9, 2018 and support that fact by presenting the Warranty Deed signed by Smith as the grantee. Courtney's Decl. at 1 and Ex. A. The Warranty Deed outlines Smith's obligation to comply with the "Declarations of Covenants, Conditions and Restrictions for the Royal Gardens Townhouse Subdivision, dated 09/11/1990 and recorded 09/12/90 under document number 442107" ("Covenants"). *Id.* at Ex. A. Homeowners further attached a copy of the Covenants, which requires that each owner, by acceptance of a deed, must pay annual or monthly assessments or charges, special assessment for capital improvements, interest assessed by the Homeowners at one and one-half percent (1.5%) per month, and reasonable attorneys' fees, and common area fees. *Id.* at Ex. C.

Homeowners allege that Smith has not paid any common area fees since November 13, 2020, and thus owe common area fees, late fees, and interest. Homeowners have included a

breakdown of the fees which Smith owes as well as a spreadsheet stating every fee due and every payment made toward his balance since January 1, 2019. *See id.* at Ex. E and Ex. G. The common area fees amount to $12,5700.00; common area late fees amount to $1,075.00; and interest accrued amounts to $8,440.92. *See id.* at Ex. E. The common area fees, combined with its late fees and interest, amounts to $22,085.92. *See id.*

Homeowners also state that on January 12, 2019, the condominium owners voted and approved a special assessment for all condominium owners to fund painting the exterior of the buildings. *Id.* at 4—5. Homeowners included its announcement informing the condominium owners of the meeting in which they voted and the minutes from that meeting. *See id.* at Ex. H and I. The Special Assessment fees amount to $3,878.73. *See id.* at Ex. E and Ex. G.

Additionally, Homeowners include a copy of the legal costs charged. *See id.* at Ex. F. The legal costs amount to $767.94. *See id.*

Aside from monetary relief, in its MSJ Homeowners also requested to be granted an order to have a lien in the amount of judgment on the Condo and that the lien be foreclosed. Memo. Law (Jan. 23, 2024) at 7. However, at the March 19, 2024 hearing, Homeowners informed the Court that Pentagon Federal Credit Union foreclosed on its first mortgage to the Condo, and that Homeowners' Notice of Lien was cut off and void. *See* Status Hr'g Min. Entry, 9:13 AM (Mar. 19, 2024); Pl's Withdr. Mot. Entry Def. J. (Nov. 7, 2022). Therefore, the Court cannot grant a judgment to declare a lien on the Condo, and cannot foreclose such a lien on the Condo. *See id.* However, as noted in its Complaint, Homeowners also sought a judgment for the common area fees against Smith. *See* 21 GCA §45124 ("Suit to recover a money judgment for unpaid common expense shall be maintainable without foreclosing or waiving the lien securing the same.").

Based upon the Court's review of the Homeowners' evidence, the Court finds that Smith

owes Homeowners $26,732.59.

**CONCLUSION**

Based on the foregoing reasons, the Court **GRANTS** summary judgment in favor of Homeowners and awards Homeowners $26,732.59. Plaintiff shall submit a proposed judgment within 30 days of this order.

SO ORDERED: _____SEP 1 2 2024_____ .

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam